## ROBERT COWDIN *v.* JOSEPH HURFORD.

Foreign attachment can not be sustained against one of several joint and several contractors.

THIS was a writ of error, adjourned here for decision from the county of Jefferson. The original suit was an attachment sued out of the court of common pleas of Jefferson county, upon the affidavit of the defendant in error, filed in January, 1823. Upon the return of the writ of attachment, Joseph Hurford filed a declaration charging the *assumpsit* upon Robert Cowdin. George Starr, claiming to be creditor, filed his declaration in the same manner. Other declarations were in like manner filed. Thomas Stevenson counts, "that Robert Cowdin; jointly with one Robert Gilmore, they being then and there joint partners, made his certain receipt, etc., jointly with the said Robert Gilmore, by which said receipt said Cowdin acknowledged," etc. The promise was laid, as made by the defendant in attachment, to the plaintiff. To all these declarations the defendant in attachment pleaded in abatement, because the undertaking, if any, was by said Cowdin and one Robert Gilmore, who is still living. Demurrers and joinders to the pleas. The court below adjudged the several pleas in abatement insufficient, and gave several judgments, to reverse which this writ of error is brought.

TAPPAN, for plaintiff in error, cited 2 Saund. 210, n.; 2 Bos. & Pul. 42; Com. Dig., Abatement, F.

*J. & D. COLLIER, for defendant in error, cited 1 Saund. [133 291, b, n. 4; 5 Term, 651; 1 East, 20; 4 Term, 725; 3 Camp. 50; 1 B. & A. 224; 2 Taunt. 254; 5 Burr. 2614; 2 East, 313; 2 D. & R. 439.

By the COURT:

The writ of attachment appears to have been issued under the statute of 1810; but the subsequent proceedings have been had under the law which took effect on June 1, 1824. The pleadings disclose the fact, that one of two partners lived in the county of Jefferson and the other was not a resident of the state. The affidavit was made and the writ issued against the absent partner.

Cowdin *v.* Hurford.

The declaration charged him alone as the promisor, and the judgments are rendered against him without noticing the liability of the other partner. The correctness of the whole pleadings is fairly before the court upon the assignment of general errors. The question principally to be considered is, whether in proceedings in attachments upon contracts, expressed or implied, where there are partners, it is necessary to charge them in the declaration, as in other actions. Section 13 of the act is in these words: "Where two or more are jointly bound, or indebted, either as joint obligors, partners, or otherwise, the writ of attachment provided for by this act may be issued against the separate or joint estates, or both, of such joint debtors, or any of them, in the same manner, and under the same restrictions as is provided for by this act in other cases." Now, this is merely directing the mode of proceedings *in rem*, where the defendants are joint obligors or partners; but neither dispenses with the proper parties to the suit nor with the necessity of pleading according to the established usages of law. It is not now necessary to decide whether the writ can, in any case, issue against partners, or others jointly liable, when one of the defendants is at the time resident within the jurisdiction. There is no just inference, however, to be drawn from this part of the statute, that the legislature intended to change either the form or substance of special pleading, so as to authorize a declaration and an *assumpsit* laid, or a recovery had against one of two or more 134] partners, without noticing the liability *of the others. It is further provided, by section 9, "that the plaintiff in attachment, and every other creditor, at or before the third term, may file their declarations, setting forth, in a proper manner, their cause of action, etc., and the defendant may plead to any or all of the declarations." In legal parlance, the plaintiff can not be said "to set forth his cause of action in a proper manner," when there is a joint undertaking by two and the *assumpsit* is laid as made by one only. The declaration, in this case, neither accords with the law nor the facts. It ought not to be presumed that the legislature intended the facts should not be disclosed in the declaration according to the settled legal forms. They have, indeed, used strong and unequivocal terms to the contrary. The court feels great anxiety to preserve the rules of special pleading, which have been founded in wisdom and are the safest guide of the profession. To depart

from them is at best a dangerous experiment, often leading to inexplicable confusion and great injustice.

Whatever effect was intended to be given to the writ of attachment, against the property of partners or other defendants jointly liable, the court is not able, from the most attentive examination of the statute, to discover any intention to change the law of pleading or the final judgment to be rendered. Separate actions and independent judgments upon liabilities, in their very nature joint, would be an innovation upon the settled principles of law, which can not be permitted without the legislature expressed an intention to that effect in the most clear and unambiguous terms. The court are of opinion that the omission to join a living partner in the writ and declaration, is as fatal in attachment, if pleaded in abatement, as in any other form of action. The judgment is therefore reversed.